Fremont-Smith, J.
Plaintiff Robert T. England, Jr. (England) brought this action against defendant John Hancock Property & Casualty Insurance Company (Hancock) for underinsured motorist benefits allegedly due to him as a household member under his parents’ automobile policy with Hancock. Hancock filed a counterclaim for declaratory judgment on the issue of coverage. Hancock moves for summaiyjudgment on the grounds that England is not entitled to said benefits as he has similar coverage under his own automobile insurance policy. England moves for summary judgment on Hancock’s counterclaim claiming that the underinsurance coverage provided by his own automobile insurance policy is illusory and therefore his policy is not “similar” to his parents’ policy. Based on the following, defendant’s motion for summary judgment is denied and plaintiffs motion for summary judgment is allowed.
BACKGROUND
England was injured when struck by a car on April 3, 1991 while performing a detail as a Boston Police Officer. At the time of said accident, England resided with his parents. England’s parents maintained an insurance policy with Hancock which provided for coverage for injury caused by an underinsured policy in the amount of $50,000 per person/$100,000 per accident. England maintained an insurance policy with the Travelers Indemnity Company (Travelers). England’s Travelers policy listed underinsured motorist benefits coverage in the amount of $10,000 per person/$20,000 per accident. England was charged no premium for such underin-sured coverage. England stated in his affidavit that he never made application for or requested the optional underinsured motorist benefits coverage.
England settled his claim against the tortfeasor and received the policy limits from said tortfeasor in the amount of $10,000. England then made demand upon Hancock for the underinsured motorist benefits of his parents’ policy. Hancock rejected said demands.
DISCUSSION
Summary judgment shall be granted where there are no genuine issues as to any material fact and where the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat'l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, “and [further] that the moving party is entitled to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). A party moving for summaiyjudgment who does not have the burden of proof at trial may demonstrate the absence of a triable issue either by submitting affirmative evidence that negates an essential element of the opponent’s case or “by demonstrating that proof of that element is unlikely to be forthcoming at trial.” Flesner v. Technical Communications Corp., 410 Mass. 805, 809 (1991); accord Kourouvacilis v. General Motors Corp., 410 Mass. 706, 716 (1991). “If the moving party establishes the absence of a triable issue, the party opposing the motion must respond and allege specific facts which would establish the existence of a genuine issue of material fact in order to defeat [the] motion.” Pederson, supra, 404 Mass. at 17. “[T]he opposing party cannot rest on his or her pleadings and mere assertions of disputed facts to defeat the motion for summary judgment.” LaLonde v. Eisnner, 405 Mass. 207, 209 (1989).
The question in this case is whether “minimal under-insurance coverage, foisted on the consumer under the guise of a free gift, can in fact be used to deprive the consumer of underinsurance benefits from some other policy.” Commercial Union Insurance Company v. Lawrence Watson, 1 Mass. L. Rptr. No. 4, 70 (October 4, 1993). Hancock argues that England is not entitled to collect underinsured benefits because his policy is “similar” to his parents’ policy. The parents’ policy with Hancock states that Hancock will pay damages to or for:
. . . any household member ... if injured as a pedestrian. If there are two or more policies which provide coverage at the same time limits we will only pay our proportionate share. We will not pay damages to or for any household member who has a Massachusetts Automobile Policy of his . . . own providing similar coverage or who is covered by a Massachusetts Automobile Policy of another *380 household member providing similar coverage with higher limits.
Hancock claims that England’s own insurance policy with Travelers provides him with underinsurance protection and is, therefore, “similar” to his parents’ policy with Hancock. However, England never requested nor paid for underinsured coverage, and it is far from clear that he ever was provided such coverage. The “coverage selection page” of plaintiffs policy states that “this policy provides only the coverages for which a premium charge is shown.” While 10/20 coverage is shown for “underin-sured auto,” this is the only coverage (out of twelve coverages) for which no premium is indicated. Even if it is assumed that such coverage was gratuitously provided by Travelers in the amount of $10,000 per person and $20,000 per accident, this purported underinsured coverage would be “patently illusory.” Johnson v. Safety Insurance Company, 1 Mass. L. Rptr. No. 17, 360 (January 17, 1994). Compulsory bodily injury coverage for all insured Massachusetts drivers requires a minimum coverage of $10,000 per person and $20,000 per accident (10/20), and, pursuant to G.L.c. 175, §113L, un-derinsured coverage only applies to the extent that it exceeds the bodily injury liability coverage of the tortfeasor’s policy Therefore, Travelers would never have to pay underinsured benefits to England as the 10/20 coverage it provided to England would never exceed the minimum compulsory bodily injured coverage of a tortfeasor’s policy.[1] As a result, England does not have meaningful underinsured coverage on his own vehicle in any amount so that his policy should not be construed to be “similar” to his parents’ underinsured policy. Id.
Hancock argues that the court should follow the case of Teresa Smart v. Safety Insurance Company, Civil Action No. 91-1539 (Hampden Super. Ct. April 21, 1993), currently pending on appeal to the Supreme Judicial Court. The Smart court held that the plaintiffs 10/20 underinsured coverage was similar to his mother’s coverage and thus the underinsured benefits of the mother’s policy were not available to plaintiff. In Smart, however, although the plaintiff paid no premium for the underinsured coverage on his policy, the plaintiff in his application for insurance, did specify underinsured motorist coverage at the level of 10/20 Id. The plaintiff in Smart thus did elect underinsured motorist coverage and thereby became a named insured for underinsured coverage. Thus the Court held that G.L.c. 175, §113L(5)(a) barred him from recovering under his mother’s policy. Id.
The present case is more analogous to Debra Johnson v. Safety Insurance Company, supra, where the insured did not elect the underinsured coverage which the policy purported to provide gratuitously and without request. Accordingly, England should not be considered in these circumstances to be a named insured on a policy providing underinsured motorist coverage so as to bar him, under G.L.c. 175, §113L(5), from recovering under his parents’ policy.
ORDER
Accordingly, it is ORDERED that: (1) defendant John Hancock Property & Casualty Insurance Company’s motion for summary judgment on its counterclaim for declaratory judgment is DENIED: (2) plaintiff Robert T. England, Jr.’s motion for summary judgment on defendant’s counterclaim for declaratory judgment is ALLOWED; and (3) a declaratory judgment is hereby entered declaring that the plaintiff is entitled to recover underinsured benefits under the Hancock policy issued to his parents.

 Hancock argues that the 10/20 underinsurance coverage is not worthless as the coverage would potentially be applicable if the accident involved multiple victims with total damages in excess of $20,000. To the extent that the $20,000 per accident limit reduced each injured person’s recovery from the tortfeasor’s policy to below the $10,000 per person minimum, the underinsurance coverage would be available to compensate the victim up to the full $10,000. However, underinsurance is determined by comparison of the respective “policy limits,” not by an assessment of whether the amounts actually paid by the tortfeasor’s insurer are sufficient to compensate for all damages sustained. See G.L.c. 175, §1131/2); Commercial Union Insurance Company v. Lawrence Watson, supra.